Sohngen, J.
 

 Two questions are here for determination :
 

 • 1. Did the relator and his predecessors in title acquire title to the lots purchased at the forfeited-land tax sales free from all and every lien of assessments, special assessments and reassessments, levied against such lots prior to the tax sales, but the installments of which were due and payable at a future date?
 

 2. Did such purchasers acquire title to the several lots purchased at the forfeited-land tax sales, conducted in 1944, free from all and every lien of assessments, special assessments and reassessments, levied against such property prior to the tax sale, but the installments of which- were due and payable at a future date, where the
 
 proceedings
 
 leading up to the sales
 
 *30
 
 were instituted and begun in 1943, prior to tbe amendment of Sections 5752 and 5762, General Code, effective August 11, 1943 (120 Obio Laws, 154) ?
 

 Tbe statutes of Obio to be considered in this case, are:
 

 Section 5752, General Code, as amended effective August 11, 1943 (120 Obio Laws, 163).
 

 Section 5755, General Code, prior to its repeal effective August 11, 1943 (120 Ohio Laws, 166).
 

 Section 5762, General Code, as amended effective August 11, 1943 (120 Ohio Laws, 164).
 

 Such amendments and repeal are the amendments and repeal subsequently referred to herein.
 

 Section 5752, General Code, provided in part:
 

 ‘ ‘ * * * Such sale shall convey the title to the said tract or parcel of land, divested of all liability for any arrearages of taxes, assessments, penalties, interest and costs which remain after applying thereon • the amount for which it was sold.” ' •
 

 Section 5755, General Code, prior to its repeal, was:
 

 “If a tract or parcel of land does not sell'at such public sale for an amount sufficient to pay the taxes, assessments, penalties and interest
 
 which stand against it,
 
 the commissioners of the county in which it is situated, at their regular annual session in June preceding the next regular sale, if in their opinion it is of less value than the amount of taxes, assessments, penalties, and interest
 
 due upon it,
 
 may order the auditor of the county to offer it for sale at the next regular sale of forfeited lands, and sell it to the highest and best bidder therefor, irrespective of the amount of taxes, assessments, penalties, and interest
 
 due upon it.
 
 Such sale shall convey the title to the said tract or parcel of land, divested of all liability for any arrearages of taxes, assessments, penalties, and interest which remain after applying the amount thereon for which it was sold.” (Italics ours.)
 

 
 *31
 
 Section 5762, General Code, provided in part:
 

 “When a tract of land has been duly forfeited to the state and sold agreeably to the provisions of this chapter, the conveyance of such real estate by the county auditor shall extinguish all previous title thereto and invest the purchaser with a new and. perfect title, free from all liens and encumbrances, except such easements and covenants running with the land as were created prior to the time the taxes or assessments, for the nonpayment of which the land was forfeited, became due and payable.”
 

 With respect to question No. 1, the relator contends that he acquired title to the lots purchased at the forfeited-land tax sales free from all and every lien of assessments, special assessments and reassessments, levied against such lots prior to the tax sale, but the installments of which were due and payable at a future date. Relator relies on the case of
 
 State, ex rel. City of South Euclid,
 
 v.
 
 Zangerle, Aud.,
 
 145 Ohio St., 433, 62 N. E. (2d), 160, for his authority.
 

 In that case, the lands having been sold at a forfeited-land tax sale in July 1944, this court applied amended Sections' 5752 and 5762, General Code, and held that the purchaser was invested with a new and perfect title free from all liens of special assessments and reassessments. Section 5755, General Code, because of its repeal, was not involved.
 

 In the instant case, amended -Sections 5752 and 5762 are not applicable, as the lots were purchased prior to their amendment. Such sections prior to their amendment contained no provision with reference to the kind of title passed at a forfeited-land tax sale. The only provision dealing with the nature of the title passed at the time of the sale in the instant case was in Section 5755, General Code, which provided that, if a tract of land did not sell at a public sale for an amount sufficient to pay taxes, assess
 
 *32
 
 ments, penalties and interest
 
 “which stand against it,”
 
 the county commissioners, if in.their opinion the land was of less value than the amount of taxes, assessments, penalties and interest
 
 “due upon it,”
 
 might order the sale of such land at the next regular forfeited-land sale to the highest bidder irrespective of the amount of assessments, etc.,
 
 “due upon it.”
 
 The statute then went on to provide that such sale should convey title divested of all liability for any “arrearages” of assessments, etc., which remained.
 

 Construing the word, “arrearages,” in light of the terms,
 
 “which stand against it”
 
 and
 
 “due upon it”
 
 as such word and terms were used in Section 5755, we are of the opinion that title to the lots in question passed to relator and his predecessors in title divested of all liability for the assessments, special assessments and reassessments
 
 due
 
 upon the lots
 
 at the times of sale,
 
 and that such assessments becoming due after the sales survived them.
 

 With respect to question No. 2, the respondent contends that, since the
 
 proceedings
 
 to conduct the sales of the several lots, which the relator, or his predecessors in title, purchased in 1944, were instituted or begun in 1943 prior to August 11, the. effective date of the amendment of Sections 5752 and 5762, General Code, such sections had no effect on the sales of lots ordered sold before the amendment.
 

 Section 26, General Code, provides:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or
 
 proceedings,
 
 civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or
 
 proceedings,
 
 unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or
 
 proceeding,
 
 existing at the time of such amendment or repeal, unless otherwise
 
 *33
 
 expressly provided in the amending or repealing act. ’ ’ (Italics ours.)
 

 In the instant case, the
 
 proceedings
 
 for the sales of the several lots were begun in 1943, prior to August 11, the effective date of the amendments of Sections 5752 and 5762, General Code, and the repeal of Section 5755. Consequently, what we have said with reference to the lots of land involved in question No. 1,
 
 i. e.,
 
 the lots purchased prior to August 11, 1943, applies with equal force to the lots involved in question No. 2,
 
 i. e.,
 
 those lots purchased after such date in proceedings to sell instituted prior thereto.
 

 Therefore, the assessments, special assessments and reassessments becoming due after the sales survived them.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Stewart, JJ., concur.